IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANNA PARABAK and
STEPHEN PARABAK h/w,                     :
                                          :       CIVIL ACTION
            Plaintiffs,                   :
                                          :
      v.                                  :
                                          :       NO.   12-2525
LOWE'S HOME CENTERS, INC.,                :
                                          :
            Defendant.                    :

**MEMORANDUM**

BUCKWALTER, S.J.                                                         June 27, 2012

Currently pending before the Court is the Motion for Remand filed by Plaintiffs Anna and Stephen Parabak. For the following reasons, the Motion is denied.

**I.      FACTUAL BACKGROUND**

According to the facts set forth in the Complaint, Plaintiffs Anna Parabak and Stephen Parabak, both Pennsylvania residents, were in a Lowe's Home Centers store on March 27, 2010. (Compl. ¶¶ 1, 7.) While Mrs. Parabak was perusing the shelves and displays in the bath vanity section of the store, she tripped and fell over a pallet that was sticking out into the open walkway areas of the store section. (Id. ¶ 7.) As a result, she suffered various injuries. (Id.)

Plaintiffs filed suit on the Philadelphia County Court of Common Pleas on March 26, 2012, alleging causes of action for negligence and loss of consortium. (Id. ¶¶ 14–27.) On May 9, 2012, Defendant filed a Notice of Removal to federal court, asserting that this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2). Plaintiffs then filed the current Motion to Remand on May 23, 2012. Defendant responded on May 31, 2012, making this matter

ripe for judicial consideration.

## II.     STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a civil action filed in a state court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). A defendant seeking removal of an action must file a petition for removal with the district court within thirty days of plaintiff's service of the complaint upon defendant. See 28 U.S.C. § 1446(b). "The defendants bear the burden of establishing removal jurisdiction and compliance with all pertinent procedural requirements." Winnick v. Pratt, No. Civ.A.03-1612, 2003 WL 21204467, at *1 (E.D. Pa. May 20, 2003) (citing Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)).

Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court. Cook v. Soft Sheen Carson, Inc., No. Civ.A.08-1542, 2008 WL 4606305, at *1 (D.N.J. Oct. 15, 2008). In reviewing such a motion, the Court must determine whether removal was proper at the time of the petition for removal. Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985). Remand to the state court is appropriate for: "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal process." PAS v. Travelers Ins. Co., 7 F.3d 329, 352 (3d Cir. 1993). Remand is mandatory and can occur at any time during the litigation if the court determines that it lacks federal subject matter jurisdiction. Kimmel v. DeGasperi, No. Civ.A.00-143, 2000 WL 420639, at *1 (E.D. Pa. Apr. 7, 2000) (citing 28 U.S.C. § 1447(c)).

**III.    DISCUSSION**

In the present case, Plaintiff argues that remand is proper for two reasons.  First, it asserts that because Defendant is a citizen of the Commonwealth of Pennsylvania by virtue of its incorporation in Pennsylvania, complete diversity is lacking.  Second, Plaintiff contends that under the "forum defendant rule" of 28 U.S.C. § 1441(b), the matter should be remanded.  The Court addresses each argument individually.

**A.    Whether Complete Diversity Exists**

Under the diversity jurisdiction statute, 28 U.S.C. § 1332, "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States . . ." "Complete diversity must exist between the adverse parties in the action; that is, the citizenship of each plaintiff must be diverse from that of each defendant." Kovacs v. Zumstein, Inc., No. Civ.A.11-656, 2011 WL 1541297, at *1 (M.D. Pa. Apr. 22, 2011) (citing Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373–74 (1978)).

A corporation, unlike an individual, may have more than one state of citizenship.  28 U.S.C. § 1332(c)(1).  Indeed, 28 U.S.C. § 1332(c)(1) provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  Id.  The principal place of business—or "nerve center"— is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 130 S. Ct. 1181, 1193 (2010).  A corporation, however, may only have one principal place of business.  Hertz, 130 S. Ct. at 1193; Johnson v. SmithKline Beecham Corp., ___ F. Supp. 2d ___, No. Civ.A.11-5782, 2012 WL 1057435, at *1 (E.D. Pa. Mar. 29, 2012).

"Accordingly, a business incorporated in one state with a nerve center in another state is a citizen of both states." Johnson, 2012 WL 1057435, at *1 (citing Davis v. Union Pac. Ry. Co., 224 F. App'x 190, 191 (3d Cir. 2007)).

In the present case, while Plaintiffs concede that Defendant's principal place of business is North Carolina, they argue that Defendant "is admittedly a citizen of the Commonwealth of Pennsylvania by virtue of [its] incorporation within Pennsylvania." (Pl.'s Mot. to Remand ¶ 9.) As support for this proposition, they reference "Exhibit A," which is a printout from the Pennsylvania Department of State. (Id. Ex. A.) Notably, however, that document explicitly indicates that Defendant's "State of Business" is North Carolina. (Id.) Further, according to a document from the North Carolina Department of the Secretary of State, Defendant's "State of Incorporation" is North Carolina. (Def.'s Resp. Mot. to Remand, Ex. 1.) Finally, this Court's own review of public company records reveals that Defendant is incorporated in North Carolina. Accordingly, it is indisputable that Defendant is a citizen of only North Carolina. Because Plaintiffs, on the other hand, are citizens of Pennsylvania, complete diversity exists.

**B.     Whether the Forum Defendant Rule Applies**

Alternatively, Plaintiffs contend that—under the "forum defendant rule" of 28 U.S.C. § 1441(b)—even if diversity jurisdiction exists, removal of the case is improper if one of the defendants is a citizen of the state in which the initial action was brought. In support of this proposition, Plaintiffs rely heavily on Hegelein v. VT Sys., Inc., No. Civ.A.10-899, 2010 WL 1141214 (E.D. Pa. Mar. 23, 2010).

Plaintiffs argument, however, is misplaced. Section 1441(b) states that:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. *Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*

28 U.S.C. § 1441(b) (emphasis added). In Hegelein, the court addressed the application of this rule and commented that it "reflects the notion that there is no concern about favoritism by local courts towards a nonresident plaintiff, so there is no need to protect a resident defendant by allowing resort to federal court." Hegelein, 2010 WL 114214, at *2. The court went on to find that as the action before it was initiated in Pennsylvania and one of the defendants was a citizen of Pennsylvania, "removal to federal court was improper under the forum defendant rule because one of the parties in interest properly joined and served as a defendant is a citizen of the State in which such action is brought." Id. at *3. As the court's authority to hear the case was based solely on removal diversity jurisdiction, and that removal was improper, the court found that it lacked subject matter jurisdiction. Id.

The forum defendant rule has no applicability to the present case. This action was initiated in Pennsylvania state court. Defendant, however, is not a citizen of Pennsylvania and, thus, faces the precise threat of "favoritism by local courts" against which removal jurisdiction in diversity cases was designed to protect. Therefore, the Court finds Plaintiff's argument to be meritless.

## IV.   CONCLUSION

In light of the foregoing, federal subject matter jurisdiction on the basis of diversity over the present case properly rests in this Court. As such, Plaintiffs' Motion to Remand is denied.